**Roland J. HICKEY, Appellant,**

v.

**Herman SOLEM, Warden, and Mark V. Meierhenry, Attorney General, State of South Dakota, Appellees.**

No. 83–1877.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 28, 1984.

Decided March 6, 1984.

Thomas K. Wilka, Hagen & Wilka, Sioux Falls, S.D., for appellant.

Mark V. Meierhenry, Atty. Gen., Mikal Hanson, Asst. Atty. Gen., Pierre, S.D., for appellees.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

Roland J. Hickey appeals from a final judgment of the District Court[1] for the District of South Dakota denying his petition for habeas corpus under 28 U.S.C. § 2254. For reversal appellant argues that the district court erred in finding (1) that his right to due process was not denied as the result of alleged contacts between the jurors and relatives of the man appellant was on trial for killing; and (2) that the prosecutor's failure to furnish a copy of a witness's statement was not improper because nothing in that statement was material to appellant's guilt or punishment. We affirm.

Hickey is a prisoner of the State of South Dakota serving a sentence of forty years for manslaughter. The facts underlying his conviction following a jury trial in state court are set forth in *State v. Hickey*, 287 N.W.2d 502 (S.D.1980). On the night of September 3, 1977 appellant and Walter Lux were drinking at a bar in Oacoma, South Dakota, when Lux invited appellant to his home for a few beers. Defendant and a friend drove to Lux's home and waited in defendant's pickup until Lux arrived. Upon arrival Lux approached the pickup yelling that he was going to "whip" appellant. He hit appellant in the face through an open window and tried to drag him out of the pickup. Appellant managed to escape with the help of his friend, who stayed behind, but later returned with a gun he had picked up at his home.

Upon appellant's return, Lux again approached appellant's pickup saying, "I'm going to finish you off this time." Appellant claims that a struggle ensued, and the gun accidentally discharged, firing a shot that was fatal to Lux. Appellant's friend, who had remained at the Lux home after the first confrontation, testified that Lux threatened appellant, but stated that Lux was at arm's length from the door of the pickup when the shot was fired. Violet Lux, decedent's wife, testified that she never overheard her husband threaten appellant after he returned. She further stated that as she and decedent walked toward the pickup, she heard a muffled "blip" and decedent stumbled and fell. She did not realize her husband had been shot until she saw appellant's gun pointed out the pickup win-

---

1. The Honorable Andrew W. Bogue, Chief Judge, United States District Court, District of South Dakota.

dow. According to Mrs. Lux, decedent was about five or six feet away from the pickup when he was shot.

Appellant alleges that during the trial decedent's mother and sister became emotional and were ordered to the back of the courtroom by the trial judge. In addition, the mother purportedly accosted members of the jury at recesses, created a scene in the hallways, and at one point ran up to the jury room during deliberations shouting and attempting to break in. Appellant further claims that one of the jurors was a friend of, or at least acquainted with, the decedent and decedent's mother, sister, and wife. Both the state court and federal district court conducted extensive evidentiary hearings into these allegations and found no support for them.[2] Any conflicts in the testimony of witnesses appearing at the hearings were resolved in favor of the State.

Appellant contends on appeal that the evidence presented at the federal and state hearings clearly demonstrated the existence of improper contacts between members of the victim's family and the jurors. Appellant argues that no presumption of correctness should attach to the factual determinations of the state court regarding his claims of jury contamination and bias because the merits of the factual dispute were not resolved in the state court hearing, material facts were not adequately developed, and appellant did not receive a full, fair and adequate hearing in the state court proceeding. See 28 U.S.C. § 2254(d)(1), (3) and (6).

■ Following a full evidentiary hearing and review of the transcript of the state post-conviction proceeding, the magistrate found that none of the statutory conditions alleged by appellant applied, that appellant had the burden of establishing by convincing evidence that the factual determination by the state court was erroneous, 28 U.S.C. § 2254(d), and that he had failed to discharge that burden. Upon review of the record before us, we agree with the district court and with the magistrate that the find-

ings and conclusions resulting from the South Dakota post-conviction proceeding presumptively are correct. The record as a whole demonstrates fair support for the determination of the state court; indeed we find no convincing evidence of prejudicial contact between decedent's relatives and jurors.

■ Appellant's second claim on appeal involves the prosecutor's failure to disclose a written statement by Violet Lux given to a deputy sheriff a few days after her husband was shot. (Although the record is not clear, we will assume for purposes of this appeal that defense counsel was not present at the time Mrs. Lux gave the written statement and was not aware of the statement's existence until sometime after trial.) Appellant made a pretrial discovery motion seeking any written statements by potential witnesses for the State. The State failed to disclose Mrs. Lux's statement.

Appellant maintains that the State's failure to disclose Mrs. Lux's statement contravened his right to due process. "In *Brady v. Maryland,* [373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)] the Supreme Court announced the rule that 'suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.'" *Scurr v. Niccum,* 620 F.2d 186, 189 (8th Cir.1980). The Court later clarified the *Brady* rule in *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), to provide that when the defense made a general pretrial request for the disclosure of evidence, undisclosed evidence would be considered "material" only if it created a reasonable doubt that did not otherwise exist when evaluated in the context of the entire record. *Id.* at 109–12, 96 S.Ct. at 2400–01. Appellant's pretrial discovery motion in the case at bar was clearly general. *See Thompson v. Missouri,* 724 F.2d 1314, 1318 (8th Cir.1984).

We cannot say that evaluated in the context of the entire record, Mrs. Lux's statement creates a reasonable doubt that would

---

**2.** District court hearings were held before United States Magistrate Frank P. Gibbs who filed

a full report that was adopted by Chief Judge Bogue.

not otherwise exist. Appellant contends that the undisclosed statement was essential to impeach Mrs. Lux on cross-examination. First, appellant points out that Mrs. Lux's trial testimony differed from her statement regarding the distance between appellant's pickup and decedent's car. This inconsistency is inconsequential because the only distance of any import was that between appellant and decedent at the time of the shooting. The testimony at trial was undisputed that decedent was not in his car when he was shot, but was walking toward appellant's pickup. Second, appellant states that Mrs. Lux's trial testimony was that she did not hear the shot that killed her husband, contrary to her earlier statement that she had heard a muffled "blip." Mrs. Lux did admit on cross-examination that she heard a sound. Because the jury heard this contradictory testimony, Mrs. Lux's undisclosed statement would not have created a reasonable doubt that did not otherwise exist. We are persuaded beyond a reasonable doubt that the undisclosed statement was not material to guilt or punishment and that its nondisclosure did not violate appellant's right to due process.

The judgment of the district court is affirmed.